IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEODORE BENJAMIN VADEN,

    Petitioner,                   No. CIV S-08–0178 FCD GGH P

   vs.

DARRELL G. ADAMS, et al.,

    Respondents.              ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In claim three, petitioner alleges a violation of <u>Brady v. Maryland</u>, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963) in that the prosecution failed to disclose deals with the victim witnesses. Petitioner has presented no evidence to support this claim. Rather, he cites portions of the trial transcript, RT 184 and 197.

        At page 184, defense counsel cross-examined victim witness Corbin:

> Q: Now, you say you have been in drug treatment since November?
> A: No, I have been in drug treatment since August. I have been in the transitional since November.
> Q: Since August?
> A: Yes.
> Q: Is the reason that you went into treatment in August because you were ordered to as part–

|   |   |
|---|---|
| 1 | Prosecutor: Objection, relevance. |
| 2 | Court: No, no, come on. I'm going to sustain it. |

RT at 184.

At page 197 defense counsel cross-examined victim witness Oakley:

> Q: You have been in drug programs before: isn't that right?
> A: No.
> Prosecutor: Objection, relevance.
> Court: Well, she stated no.
> Q: When I'm speaking of a drug program, I'm also including classes that you might have taken?
> Court: You all come on up here and let me hear about it.
> (Whereupon a discussion was had at the bench between the Court and counsel.)
> Court: The objection is sustained.

RT at 197-198.

The trial court had previously ruled that defense counsel could impeach the witnesses with their prior convictions involving moral turpitude. RT at 44-48. In making this ruling, the trial court found that the victims' prior convictions involving drug offenses generally did not involve moral turpitude. RT at 44.

The portions of the transcript cited above do not demonstrate that the victim witnesses had been given deals in exchange for their testimony. Rather, the testimony quoted above indicates that the trial court sustained the prosecutor's objections in order to prevent impeachment of the victim witnesses' testimony with evidence of their prior drug convictions.

Petitioner is granted fifteen days from the date of this order to submit any evidence he has in his possession that supports his Brady claim.

Accordingly, IT IS HEREBY ORDERED that petitioner is granted fifteen days from the date of this order to submit any evidence he has in his possession that supports his Brady claim.

DATED: June 10, 2009         /s/ Gregory G. Hollows

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE

vad178.ord